# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:07CV1704 RWS |
| | ) | |
| PATRICK BRAYER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Rafael Jones for leave to commence this action without payment of the required filing fee [Doc. #2]. The motion will be granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $0.00, and an average monthly balance of $0.00. As a result, the Court will not assess an initial partial filing fee.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

A Court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged. Spencer v. Rhodes, 656 F.Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Id. at 461-63.

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 for alleged unlawful prosecution. Named as defendants are Patrick Brayer (Public Defender), Damon Foster (same), Erica Nuyen (same), Steven O'Brien (Prosecutor), Clarence Smallwod (same), Barb Lane (Detective, Family Crime Unit), Dale Unknown (Intern, Public Defender's Office), David Vincent (Judge), Gloria Reno (same), Jill Schaefer (unknown), and April Porter (Prosecutor).

Plaintiff alleges that from January 1, 2000, through September 1, 2007, defendants have tried cases against him and accepted guilty pleas from him in "cases with illegal paperwork in them." Plaintiff seeks monetary and injunctive relief. Additionally, plaintiff has moved the Court to seek the death penalty against defendants.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits directly against the public entity of which the official is an agent. Kentucky v. Graham, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. Brandon v. Holt, 469 U.S. 464, 473 (1985); Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The complaint does not allege that any governmental policy or custom was responsible for the alleged

constitutional violations. As a result, the complaint fails to state a claim under 42 U.S.C. § 1983, and it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Additionally, the complaint is frivolous because the judges named as defendants are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). Similarly, the complaint is frivolous as to the prosecutor defendants because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996). And the complaint is also frivolous as to the public defender defendants because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Finally, the absence of any probative facts vital to the life of a lawsuit along with the request that the Court seek the death penalty against defendants – relief which is not available to plaintiff – indicate that this case has been filed for an improper purpose and not for the purpose of vindicating a cognizable right. As a result, this case is malicious, and the Court will dismiss it with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is both frivolous and malicious.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this __9th__ Day of November, 2007.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE